# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> vs. ) <br> ) <br> CHIKOSI WALKER ) | Case No. 14 CR 446 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Chikosi Walker pled guilty to participating in a scheme to defraud the IRS by filing false tax returns in the names of individuals incarcerated by the Illinois Department of Corrections. The Court sentenced him to a term of imprisonment of forty-two months, to be followed by three years of supervised release. The Court also ordered him to pay restitution in the amount of $339,787.28. Walker has moved to compel the government to file a motion under Federal Rule of Criminal Procedure 35(b) to reduce his sentence for his claimed substantial assistance with an investigation into his co-defendant.

## Background

Walker operated a tax preparation business called Walker Tax Service. In 2008 and 2009, he and his friend Pierre Young participated in a scheme to defraud the IRS. Young provided Walker with the names and social security numbers of persons incarcerated by the Illinois Department of Corrections. Walker filed fraudulent tax returns on behalf of those individuals, and he and Young collected the proceeds from the tax returns.

Walker and Young were indicted in August 2014 on three counts of wire fraud

(18 U.S.C. § 1343) and one count each of converting money belonging to the United States (18 U.S.C. § 641). In April 2015, Young pled guilty to the charge under section 641, and the Court sentenced him to a term of imprisonment of twenty-four months, two years of supervised release, and restitution totaling $105,615.

Walker proceeded to trial in April 2016. The Court declared a mistrial after the jury was unable to return a unanimous verdict. Walker ultimately entered a guilty plea on one count of wire fraud on February 2, 2017. The Court sentenced Walker on June 2, 2017. A central issue at the hearing was whether he was subject to a Sentencing Guidelines enhancement for obstructing justice. The government submitted audio recordings of phone conversations in which Walker exhorted Young to tell the truth in his testimony but also specifically instructed him about what to say. There was also evidence that Walker deposited almost $2,000 into Young's commissary account.

At sentencing, Walker argued that he had not obstructed justice but had merely encouraged Young to be truthful. The Court rejected that argument, finding that the tenor and context of the conversations made it evident that Walker was encouraging Young to lie. Walker also denied paying Young for his testimony. He alleged that at one point Young demanded $15,000 or $20,000 in exchange for favorable testimony and that he (Walker) immediately informed the government. The Court also rejected this argument because it found that Walker cooperated only because the government turned over the audio recordings in which Walker admitted his guilt and tried to influence Young's testimony. Based on this evidence, the Court found that the government established the enhancement for obstruction of justice by a preponderance of the evidence.

Walker alleges that the government promised a lighter sentence in exchange for cooperation in the investigation of Young's alleged attempt to obstruct justice. The government categorically denies that allegation. Walker has filed a motion to compel the government to file a motion to reduce his sentence for substantial assistance under Federal Rule of Criminal Procedure 35(b).

## Discussion

Rule 35(b) allows the Court, on the government's motion, to "reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1).

**A.   Jurisdiction**

The government first argues that the Court lacks jurisdiction over Walker's motion. It cites *United States v. Obeid*, 707 F.3d 898 (7th Cir. 2013), in which the Seventh Circuit held that "the defendant may challenge the government's refusal" to file a Rule 35(b) motion "in a motion under 28 U.S.C. § 2255." *Id.* at 901. The government argues that because Walker has already filed a motion under section 2255, the present motion is barred as a successive motion under section 2255 for which Walker has not obtained authorization. *See* 28 U.S.C. § 2255(h).

The Seventh Circuit has clarified, however, that a defendant need not proceed under section 2255 in this situation but may instead file a motion to compel the government to file a Rule 35(b) motion. *See Kirk v. U.S. Dep't of Justice*, 842 F.3d 1063, 1066 (7th Cir. 2016). The court stated that "there cannot be any doubt about the district court's power to entertain a motion asking the judge" to compel the government to file a motion under Rule 35(b). *Id.* That is precisely what Walker has filed, and under

*Kirk*, the Court has jurisdiction over his motion.

**B.     Waiver**

The government next contends that Walker waived any arguments concerning its claimed promises of a lesser sentence. It argues that Walker should have raised his arguments about substantial assistance at the sentencing hearing, and it points out that he failed to do so despite the parties' lengthy colloquy on the related issue of the Sentencing Guidelines enhancement for obstruction of justice.

The government's waiver argument is misplaced. Rule 35(b) permits the government to move for a sentence reduction if the defendant provides substantial assistance "after sentencing." It would be inconsistent with this language to hold that a defendant waives an argument under Rule 35(b) by failing to raise it at his sentencing hearing. The case the government cites, *United States v. Garcia*, 580 F.3d 528 (7th Cir. 2009), concerns a defendant's failure to object to the alleged miscalculation of his offense level in the pre-sentence report, not a waiver or forfeiture under Rule 35(b). *See id.* at 541-42. *Garcia* thus provides no support for the government's waiver argument in this case.

The more salient problem with Walker's motion, therefore, is that he appears to contend that he provided all of the alleged assistance before his sentencing. *See, e.g.*, Walker's Mot. to Compel, dkt. no. 296, at 2 ("Prior to this Court's imposition of a sentence upon Def. Walker he acted gratuitously in assisting the government."). Walker points to no authority suggesting that the Court may grant a Rule 35(b) motion for a sentence reduction based on assistance rendered before sentencing, and the plain language of Rule 35(b) seems to foreclose that possibility. Walker is therefore ordered

4

to show cause why his motion should not be denied for the reason that Rule 35(b) applies only to substantial assistance provided after sentencing.

## Conclusion

For the foregoing reasons, the Court orders the defendant to show cause in writing, by no later than June 26, 2019, why his motion to compel should not be denied on the ground that any substantial assistance was provided to the government before his sentencing. The government may file a reply to the defendant's submission by no later than July 10, 2019. The Clerk is directed to mail a copy of this memorandum opinion to the defendant at the following address: Chikosi Walker, Federal Prison Camp, 1001 One Mile Rd., P.O. Box 1002, Thomson, IL 60185.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 5, 2019